IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NELSON A. IRABOR, | : |
| Plaintiff, | : |
| vs. | :   CIVIL ACTION 06-0483-BH-C |
| PERRY COUNTY CORRECTIONAL CENTER, et al., | : |
| | : |
| Defendants. | |

REPORT AND RECOMMENDATION

Plaintiff, a federal detainee proceeding pro se and in forma pauperis filed a Complaint under Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1]  This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the undersigned on the Motion for Summary Judgment of Defendants, Perry County Correctional Center; David O. Strieff, Warden, Perry County Correctional Center;  Michael Mukasey, Attorney General of the United States;[2] Michael Chertoff, Secretary, Department of Homeland Security; and John Mata, District Director, Department of Homeland Security (Docs. 14, 17, 22); and Plaintiff's opposition thereto (Doc. 25); Plaintiff's Motion to Combine Opposition to

---

[1] Although Plaintiff asserts his claims under 42 U.S.C. § 1983, the Court construes his Complaint, which alleges constitutional violations by federal officials and other defendants acting under color of federal law, as an action pursuant to Bivens.

[2] The Court substitutes Michael Mukasey for his predecessor, Alberto Gonzales, as Attorney General.  Fed. R. Civ. P. 25(d)(1).

Defendants (Doc. 23); and Plaintiff's Motion to Add Defendants (Doc. 24).  For the reasons stated below, it is recommended that the Motion for Summary Judgment of Defendants be granted and that Plaintiff's action against these Defendants be dismissed with prejudice.  The Court also finds that Plaintiff's pending motions to combine his opposition to Defendants' Motion for Summary Judgment and to add defendants are due to be denied.[3]  (Docs. 23, 24).

## I.  SUMMARY OF FACTUAL ALLEGATIONS

1.  From its review of the record, the Court summarizes the parties' allegations that are material to the issues addressed in this Report and Recommendation.  On June 25, 2003, the Department of Homeland Security initiated removal proceedings against Plaintiff pursuant to § 212(a)(2)(A)(i)(I) of the Immigration and Naturalization Act as an alien who had been convicted of a crime involving moral turpitude.  (Doc. 1 at 2-3, Complaint).  Plaintiff has remained in custody without bond since June 25, 2003.  (Id.).

2.  On August 3, 2006, Plaintiff was transferred from the Tensas Parish Detention Center in Waterproof, Louisiana, to the Perry County Correctional Center ("PCCC") in Uniontown, Alabama, pursuant to an order by the Department of Homeland Security Immigration and Customs Enforcement (DHS-ICE).  (Doc. 14 at 1, Answer of Defendants Strieff and PCCC).

---

[3] Having determined herein that Plaintiff's claims fail as a matter of law, Plaintiff's pending motion to amend his Complaint to add additional defendants (Doc. 24) and his motion to combine his opposition against all defendants (Doc. 23) are due to be denied.

3. The events giving rise to the instant action occurred during Plaintiff's approximately five-and-a-half-month incarceration at the PCCC from August 3, 2006, to January 16, 2007. (Doc. 14 at 1; Doc. 19, Notice of Change of Address; Doc. 22, att. 2, at 4, Defendants' Motion for Summary Judgment). Plaintiff filed the present action on August 21, 2006, only eighteen days after arriving at the PCCC.[4] (Doc. 1).

4. In his Complaint, Plaintiff complains of being confined in open dormitories in close proximity to other detainees, putting him at risk for possible exposure to communicable diseases. Plaintiff also complains of being denied adequate medical treatment for his allergies, high blood pressure, and diarrhea and being denied basic necessities such as socks, toilet paper, and soap. Plaintiff complains of his mail being improperly handled, being denied a "direct telephone system to [the] court," being periodically denied access to the law library, and of an inadequately equipped law library. (Doc. 1 at 4-6).

5. Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.[5]

---

[4] Plaintiff's Complaint was actually mailed on August 15, 2006, only twelve days after he arrived at the PCCC. (Doc. 1).

[5] Because Plaintiff is no longer incarcerated at the PCCC, his claims for injunctive relief are moot. See Nordell v. Montgomery Alabama Police Dep't, 2008 WL 622043, *3 (M.D. Ala. 2008) ("An inmate's request for injunctive and declaratory relief in a section 1983 and Bivens action fails to present a case or controversy if the inmate is no longer confined in the facility at issue."). In addition, Plaintiff's request for habeas relief, *i.e.*, his immediate release, is not available in a Bivens action. Williams v. Granade, 2007 WL 2570752, *7 (S.D. Ala. 2007) (citing Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995)).

(Doc. 1 at 6; Doc. 25 at 25, Plaintiff's Opposition).

6. On or about January 16, 2007, Plaintiff was transferred to the Stewart Detention Center in Lumpkin, Georgia. (Doc. 19).

## II.  PROCEDURAL ASPECTS OF THE CASE

1. On August 21, 2006, Plaintiff filed the present <u>Bivens</u> action against Defendants PCCC, Strieff, Mukasey, Chertoff, and Mata complaining of his conditions of confinement while incarcerated at the PCCC. (Doc. 1).

2. On October 23, 2006, the Court ordered service of the Complaint on Defendants. (Doc. 5). Defendants PCCC and Strieff filed their Answer on December 26, 2006, and Defendants Mukasey, Chertoff, and Mata filed their Answer on January 11, 2007. (Docs. 14, 17).

3. On January 12, 2007, the Court converted the Answer of Defendants Mukasey, Chertoff, and Mata to a motion for summary judgment. (Doc. 18). On February 2, 2007, Defendants PCCC and Strieff filed a motion for summary judgment. (Doc. 22).

4. In their answers and motions for summary judgment, Defendants assert, among other defenses, that they are entitled to judgment as a matter of law because Plaintiff's allegations fail to state a claim upon which relief can be granted, because Plaintiff's allegations do not establish a constitutional violation, and because they are entitled to qualified immunity. (Docs. 14, 17, 22).

## III.  SUMMARY JUDGMENT STANDARD

1. In analyzing the propriety of a motion for summary judgment, the Court begins

with these basic principles. The Federal Rules of Civil Procedure grant this Court authority under Rule 56 to render "judgment as a matter of law" to a party who moves for summary judgment. "[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. . . .'" Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)).

    2. The Court must view the evidence produced by "the nonmoving party, and all factual inferences arising from it, in the light most favorable to" that party. Barfield v. Brierton, 883 F.2d 923, 934 (11th Cir. 1989).

    3. However, Rule 56(e) states that:

> an adverse party [to a motion for summary judgment] may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e); see also Celotex Corp., 477 U.S. at 325-27.

    4. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. . . . If the evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986) (internal citations omitted). "Summary judgment is mandated where a party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on

which that party will bear the burden of proof at trial.'" Custom Mfg. & Eng'g, Inc. v. Midway Servs., Inc., 508 F.3d 641, 647 (11th Cir. 2007) (citations omitted).

## IV. DISCUSSION

1. Defendant PCCC is a privately-owned detention facility, operated by Louisiana Corrections Service Corporation, which houses ICE detainees pursuant to a contract with the Department of Homeland Security/Immigration and Customs Enforcement. (Doc. 17, att. 4 at 2; Doc. 17 at 3, Defendants' Motion for Summary Judgment). Defendant Strieff is the Warden of the PCCC. (Doc. 1). The remaining Defendants, Mukasey, Chertoff, and Mata, are all federal officials. (Doc. 17).

2. Although Plaintiff seeks relief under 42 U.S.C. § 1983,[6] the Court interprets his Complaint as asserting a claim under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). "Though more limited in some respects..., a Bivens action is the federal analog to suits brought against state officials under [§ 1983]." Hartman v. Moore, 547 U.S. 250, 254 n.2 (2006). "Bivens established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." Id. (citations omitted).

   A. <u>Plaintiff's action against Defendants PCCC and Strieff</u>.

---

[6] "[Section] 1983 provides a right of action to remedy unconstitutional state, not federal, conduct." Alba v. Montford, No. 05-00159, slip op. at 3, 517 F.3d 1249 (11th Cir. Feb. 22, 2008) (Westlaw publication page references unavailable at this time).

3. Plaintiff's action against Defendants PCCC and Strieff is governed by two cases: Correctional Servs. Corp. v. Malesko, 534 U.S. 61, 63 (2001), and Alba v. Montford,[7] No. 05-00159, 517 F.3d 1249 (11th Cir. Feb. 22, 2008).  On the authority of these cases, Plaintiff's action against these Defendants is due to be dismissed.

4. In Malesko, the United States Supreme Court refused to extend its holding in Bivens to imply a cause of action for damages against a private corporation alleged to have violated the plaintiff's constitutional rights.  Id., 534 U.S. at 63.  The defendant, CSC, operated a halfway house for federal inmates pursuant to a contract with the Federal Bureau of Prisons.  The court recognized that, in Bivens, it had implied a private action for damages against federal officers alleged to have violated a citizen's constitutional rights because it had been concerned with "deterring the unconstitutional acts of individual [federal] officers."  Id. at 71.  The court refused, however, to "imply new substantive liabilities" against a private corporation acting under color of federal law where the plaintiff had "alternative remedies elsewhere."  Id. at 66.  Thus, Plaintiff's action against Defendant PCCC, a private entity, fails as a matter of law.

5. In Alba, the Eleventh Circuit recently answered the question whether a cause of action for damages exists against individual employees of a private corporation operating a prison pursuant to a contract with the Federal Bureau of Prisons.  Id., No. 05-00159, slip

---

[7] As noted above, Westlaw publication page references are unavailable for this document at this time.  Therefore, the Court references the pagination of the slip opinion of the Eleventh Circuit Court of Appeals issued on February 22, 2008.

op. at 2. In <u>Alba</u>, the plaintiff alleged that various prison employees, acting pursuant to company policy, refused to schedule necessary surgery to correct a serious medical condition from which he suffered. The Eleventh Circuit held that, just as damages actions against a private corporation operating under a contract with the Federal Bureau of Prisons for alleged constitutional violations were foreclosed under <u>Bivens</u>, so too were such actions against the corporation's employees. <u>Id.</u> at 7-13. The Eleventh Circuit noted that the Supreme Court had extended <u>Bivens</u> in limited circumstances "only 'to provide an otherwise nonexistent cause of action against *individual officers* alleged to have acted unconstitutionally, or to provide a cause of action for a plaintiff who lacked *any alternative remedy* for harms caused by an individual officer's unconstitutional conduct.'" <u>Id.</u> at 9 (emphasis in original) (citations omitted). The court concluded that, because Alba had access to adequate state remedies against the individuals employed by the private entity, an extension of <u>Bivens</u> to imply a cause of action was not justified. <u>Id.</u> at 9-13. Just as in <u>Alba</u>, Plaintiff in the present action has adequate state tort remedies available to redress the harms alleged in his Complaint, including, but not limited to, negligence and wantonness. Thus, Plaintiff's action against Defendant Strieff fails as a matter of law.

  6. Other courts addressing this issue have likewise held that a <u>Bivens</u> action is not available against an employee of a private corporation acting under color of federal law. <u>See</u> <u>Peoples v. CCA Detention Centers</u>, 422 F.3d 1090, 1108 (10th Cir. 2005), *aff'd by equally divided en banc panel*, 449 F.3d 1097 (2006) (holding that "federal prisoners

have no implied right of action for damages against an employee of a privately operated prison under contract with the United States Marshals Service when state or federal law affords the prisoner an alternative cause of action for damages for the alleged injury"); accord Holly v. Scott, 434 F.3d 287, 296-97 (4th Cir. 2006); see also Akinsuroju v. Corrections Corp. of America, 2006 WL 2548075, 3 (S.D. Ga. 2006) ("this Court follows the lead of the Tenth and Fourth Circuits and declines to extend Bivens" to allow an action for damages against individual employees of a private corporation operating a federal prison).

    Therefore, Plaintiff's claims against Defendants PCCC and Warden Strieff fail as a matter of law.

    B.    No Causal Connection With Defendants Mukasey, Chertoff, and Mata.

    7. Plaintiff has also named as Defendants in this action Attorney General Mukasey, Secretary Chertoff, and District Director Mata. (Doc. 1). Plaintiff does not allege that these Defendants personally participated in the alleged constitutional deprivations that he experienced at the PCCC. Rather, it appears that Plaintiff is proceeding against these Defendants on a theory of supervisory liability.

    8. "It is well established in this circuit that supervisory officials are not liable under [Bivens] for the unconstitutional acts of their subordinates 'on the basis of respondeat superior or vicarious liability.'" Dalrymple v. Reno, 334 F.3d 991, 995 (11th Cir. 2003) (citations omitted). "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." Id. (citations

omitted).

> Supervisory liability "occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional violation." Id. at 802 (quoting Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)); see also Greason v. Kemp, 891 F.2d 829, 836 (11th Cir. 1990) (explaining that a supervisor "can be held liable under [Bivens] when a reasonable person in the supervisor's position would have known that his conduct infringed the constitutional rights of the plaintiff, and his conduct was causally related to the constitutional violation committed by his subordinate") (citations and footnote omitted). A causal connection can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," id., or when the supervisor's improper "custom or policy . . . resulted in deliberate indifference to constitutional rights," Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991). A causal connection can also be established by facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so. See Post v. City of Fort Lauderdale, 7 F.3d 1552, 1561 (11th Cir. 1993) (finding no supervisory liability in the absence of such an inference).

Dalrymple, 334 F.3d at 996.

9. Because Plaintiff has failed to present any evidence that would establish a causal connection between any actions, omissions, or policies of any of the named supervising officials and the alleged constitutional violations in this case, Plaintiff's claims against Defendants Mukasey, Chertoff, and Mata fail as a matter of law.

## V.  CONCLUSION

Based on the foregoing, it is recommended that the motions for summary judgment

of Defendants PCCC, Strieff, Mukasey, Chertoff, and Mata (Docs. 14, 17, 22) be granted and that Plaintiff's action against these Defendants be dismissed with prejudice.  It is further recommended that Plaintiff's pending Motion to Combine Opposition to Defendants (Doc. 23), and Motion to Add Defendants (Doc. 24) be denied. The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

    **DONE** this the 9th day of April, 2008.


                                            s/WILLIAM E. CASSADY
                                            UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE' S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.